UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIAN M. FALGOUT, I | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2177 |
| SOCIAL SECURITY ADMINISTRATION | * | SECTION "T" (2) |

**REPORT AND RECOMMENDATION**

This matter was automatically referred to the undersigned for a Report and Recommendation pursuant to Local Rule 73.2 and 28 U.S.C. § 636(b). Pending before me is Defendant Kilolo Kijakazi, Acting Commissioner of Social Security's Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF No. 7. The motion was scheduled for submission on Wednesday, October 11, 2023. ECF No. 7-2. No party requested oral argument, and the Court agrees that oral argument is unnecessary.

As of this date, Plaintiff Brian M. Falgout I has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, October 3, 2023. *See* E.D. La. L.R. 7.5. The Commissioner's motion to dismiss is not only unopposed, but has merit. Accordingly, considering the record, the submission and arguments of counsel, and the applicable law, IT IS RECOMMENDED that the Defendant's motion be GRANTED for the reasons stated herein.

I. **BACKGROUND**

Plaintiff Brian M. Falgout I filed a Complaint seeking to recover $6,727.80 allegedly deducted improperly from his social security payments, which he contends led to his filing bankruptcy. ECF No. 4; No. 4-1 at 1-3. He alleges jurisdiction pursuant to 42 U.S.C. § 405(g). ECF No. 4 ¶ 3.

Based on the attachments to Plaintiff's Complaint, it appears that Plaintiff continued to receive social security benefits after he returned to work, which resulted in an overpayment of approximately $16,000.00. ECF No. 4-1 at 1, 7, 8, 31, 38.; *see also id.* at 20 & 37 (noting that Plaintiff's application for disability benefits was denied on February 15, 2016, due to substantial work, as was his March 3, 2022 request to review that February 15, 2016 denial). Plaintiff's counsel requested that the Social Security Administration waive the overpayment. *Id*. at 15. By letter dated July 21, 2020, the SSA advised Plaintiff that he was eligible for monthly retirement benefits, and indicated that it was delaying recovery of his overpayment until a decision was made on his waiver request. *Id*. at 21, 32. SSA began withholding the overpayment from Plaintiff's monthly payments. *See, e.g., id.* at 22 (noting balance owed of $12,942), 23 (noting balance owed of $10,572). By letter dated March 27, 2023, Plaintiff's counsel requested that the overpayment be reduced to $100 per month, but Plaintiff asked that it be reduced to $50 per month. *Id*. at 14, 8. Through this suit, Plaintiff evidently seeks to recover $6,727.80 in funds that he claims were improperly withheld by the SSA. ECF No. 4-1 at 3.

Defendant now moves to dismiss on the basis that Plaintiff has not identified any final decision of the Commissioner that would establish a basis for federal court jurisdiction. ECF No. 7. Defendant contends that, in response to a Social Security Administration determination that it had overpaid defendant certain benefits, it began withholding from Plaintiff's future payments. ECF No. 7-1 at 2. After Plaintiff's August 2, 2023 Order of Discharge in bankruptcy, SSA refunded him $300 by letter dated September 2, 2023, equal to the $100 monthly withholdings from his benefits after his filing of bankruptcy. ECF No. 7-3 at 1. By letter dated September 5, 2023, SSA advised Plaintiff that he does not need to pay back the money, and that no further amounts would be withheld from his benefits. ECF No. 7-4.

## II. APPLICABLE LAW

A dismissal for lack of subject matter jurisdiction is "not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction."[1] Thus, the Court may grant the motion as unopposed, but it is not required to do so.[2]

### A. SSA's Overpayment Regulations

If a person has engaged in substantial gainful activity while also receiving disability benefits, he is considered to have been overpaid by Social Security.[3] In the event of an overpayment, the Social Security Administration will seek to recoup those payments; that recovery is accomplished by reducing future benefit payments, or demanding repayment from an estate, or seizing tax refunds. 42 U.S.C. § 404(a)(1)(A). The Commissioner may waive recovery of the overpayments only if the recipient is shown to be "without fault," and if such adjustment or recovery would either (a) defeat the purpose of Title II, or (b) would be against "equity and good conscience." 42 U.S.C. § 404(b); 20 C.F.R. § 404.506(a).

Determining whether an individual is "without fault" involves a consideration of "all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational or linguistic limitations." 20 C.F.R. § 404.507. "What constitutes fault . . . on the part of the overpaid individual" depends on whether the facts show that the incorrect payment resulted

---

[1] *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (holding that the district court erred when it dismissed claims pursuant to Rule 12(b)(1) with prejudice) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)); *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 209 (5th Cir. 2010) (recognizing that dismissal should be without prejudice if the court lacks subject matter jurisdiction) (citation omitted).
[2] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993). When the unopposed motion seeks a dismissal with prejudice, the court should not grant the motion solely because it is unopposed; rather, it should consider the merits of the arguments or less severe options. *Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (citation omitted) (vacating dismissal with prejudice for failure to file opposition in accordance with Local Rules in the absence of a clear record of contumacious conduct or extreme delay and where the court failed to consider less severe sanctions); *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (vacating dismissal because the court should have considered sanction other than dismissal with prejudice for failure to observe a filing deadline).
[3] *Sanders v. Barnhart*, 105 F. App'x 535, 537 (5th Cir. 2004).

from: (a) an incorrect statement made by the individual, which he knew or should have known to be incorrect; or (b) a failure to furnish information that he knew or should have known to was material; or (c) acceptance of a payment that he either knew or could have been expected to know was incorrect.[4]  An individual who alleges to be "without fault" bears the burden of proof.[5]

### B. Sovereign Immunity and Administrative Exhaustion

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[6] Waivers of sovereign immunity are construed strictly in favor of the sovereign.[7] Sovereign immunity is a jurisdictional issue.[8]

Congress established a limited waiver of sovereign immunity that allows judicial review of certain final decisions by the Commissioner of Social Security on claims under Title II or Title XVI of the Act. 42 U.S.C. §§ 405(g), (h). Review under § 405 is thus proper only for civil action brought generally within 60 days and seeking review of the Commissioner's final decision on any claim arising under Title II or Title XVI of the Act. *See* 20 C.F.R. §§ 404.901, 404.981, 404.982. Further, SSA Regulations (e.g., 20 C.F.R. § 404.903(e)), provides that certain administrative actions are not initial determinations and are not subject to the judicial review, including the decision to withhold less than the full amount of your monthly benefits to recover an overpayment. Thus, although 42 U.S.C. § 405(g) authorizes judicial review of final SSA decisions,  it does not authorize judicial review of any issue for which administrative remedies have not been exhausted.[9]

---

[4] *Id*.
[5] *See Bray v. Bowen*, 854 F.2d 685, 687 (5th Cir. 1988).
[6] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).
[7] *United States v. Nordic Vill. Inc*., 503 U.S. 30, 34 (1992).
[8] *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) (holding the sovereign cannot be sued without its consent and existence of consent is a prerequisite for jurisdiction).
[9] *See Celestine v. Soc. Sec. Admin*., 486 F. App'x 418, 419 (5th Cir. 2012) (holding that a claimant may only obtain judicial review of a case arising under the Social Security Act if he has exhausted all available administrative remedies, which requires completion of the four-step process that includes an initial determination, reconsideration, a hearing

## III. ANALYSIS

The SSA decision to make partial withholdings does not qualify as a final decision for purposes of judicial review. Further, Plaintiff has not provided any evidence that he requested a refund from the SSA or that such request was denied at any level. Indeed, he does not identify any final decision by the Commissioner from which he seeks review. Instead, he appears to attack an overpayment determination made some time before July 21, 2020 (ECF No. 4-1 at 21, 32) and for which he now seeks a refund of withheld amounts occurring some time before his bankruptcy filing. He does not, however, indicate either in his Complaint or his attachments that he sought review of the overpayment decision or any request for refund with an Administrative Law Judge or the Appeals Council. As such, Plaintiff has not administratively exhausted his claim as required by § 405(g). Moreover, a claim for refund may well constitute property of the bankruptcy estate under 11 U.S.C. § 541.

## IV. CONCLUSION

The Commissioner's motion to dismiss for lack of subject matter is well founded. Accordingly, for the foregoing reasons,

IT IS RECOMMENDED that Defendant Kilolo Kijakazi, Acting Commissioner of Social Security's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 7) be GRANTED and that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __11th__ day of October, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

before an Administrative Law Judge, and review by an Appeals Council); *Dominick v. Bowen*, 861 F.2d 1330, 1332 (5th Cir. 1988) (holding that court had no jurisdiction to review claimant's new claims due to failure to exhaust administrative remedies).